# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**ROBERT WARREN TRIPLETT, JR.,**                                                      **MOVANT**

v.                                            **NO.: 1:09cr154-MPM**

**UNITED STATES OF AMERICA,**                                                  **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Robert Warren Triplett, Jr., pleaded guilty to a federal crime and was sentenced to ten years in the custody of the Bureau of Prisons. He is proceeding *pro se* on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He has also filed a motion to supplement his § 2255 motion, and a motion to amend his original pleading to include an additional claim. The government has submitted a response to Triplett's motions, and Triplett has filed responses thereto. Having considered the pleadings and the record, including the relevant parts of Triplett's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that Triplett's § 2255 motion, as supplemented and amended, should be denied.

### Background Facts and Relevant History

On September 18, 2009, Robert Triplett reported his stepdaughter, Kaila Morris, missing.

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

The previous evening, Kaila had been at the home of her mother, Bonnie Morris-Triplett, and stepfather, Robert Triplett, at 181 Golding Road in Columbus, Mississippi. Morris-Triplett was out of town, and Triplett was at the couple's home. Kaila had plans to go to a friend's house that evening, but she never arrived. Kaila was last seen at 181 Golding Road by Triplett.

During the investigation into Kaila's disappearance, Triplett was questioned. He stated to investigators that he washed Kaila's sheets around the time of her disappearance because she had complained that they were dirty. He also stated that he had given massages to Kaila while she was shirtless. Triplett informed authorities that he had kissed Kaila on the lips on two occasions, but that after she indicated that she did not enjoy it on the second occasion, he did not attempt to kiss her again. At some point, Triplett's criminal history was accessed, and investigators learned that Triplett had pleaded guilty to attempted aggravated assault in Jackson County, Mississippi, and that he was on probation in that case at the time of Kaila's disappearance. Investigators also learned that Triplett was involved in a criminal investigation of a rape in Louisiana, in which he was tried and convicted before the case was overturned on appeal. Later, Triplett pleaded guilty to a misdemeanor relating to that crime.

Investigators also learned that the day Kaila was last heard from, Triplett stated he had, at Kaila's request, "check[ed] some of her property" in Pickens County, Alabama. He stated that he had taken a shovel and an axe with him, and that he had gotten his four-wheeler stuck on the property. Investigators also interviewed Bonnie Morris-Triplett, who notified them that Triplett had changed the hard drive in his computer days after Kaila's disappearance.

Subsequently, a search warrant was issued for items at the Morris-Triplett residence that

could lead to information about Kaila's disappearance.[2] Among the items listed on the warrant were "electronic devices" and "electronic memory devices." Several computers were seized from the home, and a forensic examination of the computers was conducted. After a forensic examination revealed images of what the investigator believed to be child pornography, the investigator ceased his examination and called the Sheriff's Department to advise them to apply for another search warrant. A second search warrant was obtained, and over 4,000 images of child pornography were located on the computers. Numerous images were of pre-pubescent children.

Triplett was questioned in connection with the images found on his computers, and he confessed to viewing sexually explicit photographs of young girls. In a videotape and audiotaped conversation with his son while he was in jail, Triplett apologized to his son about the pornography on his computers and informed his son that he thought that he had been able to destroy the images. Triplett was subsequently arrested, and a federal grand jury indicted him in a one-count indictment for possession of child pornography that had been shipped and transported in interstate commerce by means of computers and that were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2256(8)(A).

Triplett subsequently filed a motion to suppress the electronic devices and digital information seized, the first search warrant, and statements he made to law enforcement, along with his post-arrest statements to his wife and son. Following a hearing and consideration of

---

[2] The same day, Bonnie gave a separate consent for law enforcement to search the Morris-Triplett home and its contents. The consent search was not executed.

post-hearing briefs, this Court found that probable cause existed to support the first search warrant, and that there was an adequate nexus linking Kaila's disappearance to the computers described in the warrant. The Court further found that Triplett's wife gave separate, independent consent to allow law enforcement to search the home and its contents, which would have otherwise led to the discovery of the digital information. The Court granted the suppression motion as to the statements Triplett made to Bonnie Morris-Triplett, but it denied the motion as to Triplett's statements to his son and to law enforcement.

On August 27, 2010, Triplett entered a conditional plea of guilty to one count of possession of child pornography, reserving the right to appeal the Court's denial of his motion to suppress. The Court subsequently sentenced Triplett to 120 months' imprisonment, to be served consecutively to any previously imposed State or Federal sentence. Triplett filed an appeal. The Fifth Circuit affirmed this Court's decision regarding the search warrant, as well as Triplett's plea and sentence. *United States v. Triplett*, 684 F.3d 500 (5th Cir. 2012).

Triplett subsequently filed this § 2255 motion, and shortly thereafter, he filed a motion to supplement his § 2255 motion to include various claims that his counsel provided ineffective assistance. Later, he filed a motion to amend his petition in order to raise a claim alleging prosecutorial misconduct. Respondent objects to Triplett's attempt to amend his petition, arguing that it is untimely and unrelated to the claims raised in the initial petition. Respondent otherwise argues that Triplett's motions should be denied as without merit.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164

(1982).  A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence."  *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted).  There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.  Collateral attack limits a defendant's allegations to those of "constitutional or jurisdictional magnitude."  *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted).  Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

**Discussion**

**I.**      **Ineffective assistance of counsel**

Triplett maintains that his now ex-wife, Bonnie Morris, hired attorney, Robert Laher, to represent Triplett in (1) his probation revocation in Jackson County, Mississippi; (2) his federal case in this Court; and (3) his trial in the Circuit Court of Lowndes County, Mississippi.  Triplett makes numerous claims that counsel performed ineffectively in representing Triplett in these various cases.  Specifically as to Triplett's federal case, Triplett maintains that Laher failed to subpoena witnesses, that he conducted an inadequate cross-examination of the government's witnesses, that he failed to submit mitigating evidence, that he failed to communicate with Triplett and seek his input, and that he rendered ineffective assistance in advising Triplett to

5

accept a plea.

The Sixth Amendment guarantees a criminal defendant the right to the "reasonably effective" assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Whether counsel has rendered constitutionally acceptable assistance requires consideration of whether trial counsel's performance was so deficient that it cannot be said that he was functioning as "counsel" within the meaning of the Sixth Amendment, and whether the deficient performance actually prejudiced the defense. *See id.* at 687. Judicial scrutiny of an attorney's performance is "highly deferential," a reviewing court indulges a "strong presumption" that counsel has rendered "reasonable professional assistance." *Id.* at 689.

Even if counsel committed professionally unreasonable errors, however, such "does not warrant setting aside the judgment of a criminal proceeding if the error did not prejudice the defense." *Ricalday v. Procunier*, 736 F.2d 203, 208 (5th Cir. 1984) (citation omitted). In order to make the requisite showing of prejudice, a defendant must show that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694 (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Absent an affirmative showing of prejudice, there is no merit to a claim of ineffective assistance of counsel. *See, e.g., Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (noting that "[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [the defendant's] right to a fair trial," there is no merit to an ineffective assistance of counsel claim). The failure to prove either deficient performance by counsel or actual prejudice as a result of counsel's actions or omissions defeats a claim of ineffective assistance. *Strickland*,

6

466 U.S. at 697; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998). Moreover, unsupported allegations are insufficient to sustain a claim of ineffective assistance. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) (holding that "conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing on the issue).

The Court notes that many of Triplett's arguments about counsel's performance involve his representation of Triplett at his State court trial, which occurred subsequent to this federal prosecution. Triplett's arguments regarding counsel's performance during State court proceedings, which Triplett concedes is not directly relevant to his federal plea and sentence, will not be addressed herein.

### A. Failure to subpoena witnesses

"Because deciding whether to call witnesses is a strategic trial decision, [the Fifth Circuit] has held that complaints of uncalled witnesses are 'disfavored' as a source of *Strickland* habeas review." *United States v. Harris*, 408 F.3d 186, 190 (5th Cir. 2005); *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) ("[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative."). In order to sustain a claim of ineffective assistance based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the contents of the witness' proposed testimony, and show that the testimony would have been favorable to a particular defense. *Day*, 566 F.3d at 538 (quotation marks omitted).

Triplett has not identified any witnesses who could have disputed that child pornography was found on Triplett's computer, nor has he identified a witness who could have refuted Triplett's admission to viewing the pornography. As such, he has presented no evidence that, if offered, would have changed the result of these proceedings.

### B. Inadequate cross-examination

Triplett argues that his defense counsel inadequately cross-examined witnesses. At the suppression hearing held in this case, the government's witnesses were thoroughly cross-examined. (*See* Suppression Hr'g Tr. vol. 1, 19-41; 48-54; 61-72; 84-94; 108-11). There is no merit to this issue.

### C. Failure to submit mitigating evidence

Triplett also argues that his counsel failed to submit mitigating evidence to the Court. However, he has not produced any evidence that would mitigate the viewing of child pornography or otherwise dispute his confession to such conduct. There is no merit to this issue.

### D. Failure to communicate

Triplett maintains that his attorney failed to communicate with him adequately. However, this allegation is conclusory and is insufficient to sustain his claim. *See, e.g., Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1988) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Moreover, he has not affirmatively proven prejudice as a result of counsel's alleged omissions. *Strickland*, 466 U.S. at 693-94. This claim is without merit.

### E. Failure to seek input or review

Triplett maintains that counsel failed to review documents with him or seek his input,

8

which led to certain factual errors going uncorrected. The Court construes Triplett's claim as asserting that counsel failed to investigate. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 690-91. In order to prevail on a claim of ineffective assistance based on a failure to investigate, a defendant must allege with specificity what an investigation would have revealed and how it would have affected the outcome. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Here, Triplett has not identified anything that would have affected the outcome of the suppression hearing, plea, or his sentence.[3]

### F. Advising petitioner to accept an *Alford* plea

Throughout his filings, Triplett maintains that his attorney told him that his guilty plea would be an *Alford* plea. Triplett states that, had he known that his guilty plea could later be used against him in his State trial, he would not have pleaded guilty.[4]

In an *Alford* plea, sometimes referred to as a "best interest plea," an accused "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). At the outset, the Court notes that the use of a guilty plea in a subsequent proceeding is not a direct consequence of the plea of which a defendant

---

[3] The Court also notes that, at sentencing, Triplett's counsel stated that he had reviewed the presentence report with Triplett, and Triplett was allowed an opportunity to address the Court. (Sent. Tr. at 15-16).

[4] After his federal sentencing, Triplett was found guilty in the Circuit Court of Lowndes County, Mississippi, of exploitation of a child and was sentenced to forty years in the custody of the Mississippi Department of Corrections. (*See, e.g.*, ECF No. 98-1, p. 8). Triplett's federal conviction was used to support an habitual offender enhancement in State court. (*See id.*).

must be advised. *United States v. Maestas*, 941 F.2d 273, 279 (5th Cir. 1991); *see also Wright v. United States*, 624 F.2d 557, 561 (11th Cir. 1980) ("[A] plea's possible enhancing effect on a subsequent sentence is merely a collateral consequence of the conviction; it is not the type of consequence about which a defendant must be advised before the defendant enters the plea."). The plea agreement Triplett signed explicitly states that the agreement does not bind the prosecuting authority of the State of Mississippi in regard to any State charge related to the conduct charged in Triplett's federal indictment.

The Court otherwise determines that Triplett did not enter an *Alford* plea in this case, and that the record refutes his contention that he believed, at the time he pleaded guilty, that he was maintaining his innocence of the crime charged. At his plea hearing, Triplett stated that his attorney had discussed the case and the charges with him, and Triplett stated that he was satisfied with the advice given by his attorney. (*See* Plea Hr'g Tr. at 4-6). He stated that he was pleading guilty because he was, in fact, guilty. (*Id.* at 4). Despite Triplett's argument now that he did not state at his change of plea hearing that he had pictures of underage girls on his computer, he admitted that he had at least one photograph stored on his computer of a minor engaged in sexually explicit conduct. (*Id.* at 18, 19).

The Court finds that there is no basis in the record to support Triplett's contention that he thought he was entering an *Alford* plea, or that he did not understand that he could be prosecuted in State court on related charges. Moreover, the Court notes that Triplett entered a conditional guilty plea where his attorney secured Triplett's right to appeal the suppression issue to the Fifth Circuit. Counsel filed an appeal on the suppression issue, and it was decided against Triplett. Triplett has not demonstrated that counsel performed deficiently with regard to the plea process.

10

The Court also notes that, in order to show prejudice in plea negotiations as a result of deficient performance by counsel, a defendant must show that, absent counsel's deficiencies, he would have proceeded to trial. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (in order to show prejudice as a result of ineffective assistance during the guilty plea process, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial") (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Although the Court has already determined that counsel did not perform deficiently, it otherwise finds that Triplett has not demonstrated that, absent counsel's alleged errors, he would have proceeded to trial. The Court finds that this issue does not warrant relief.

## II. Prosecutorial misconduct

On August 19, 2013, Triplett filed a motion to amend his original petition, which was filed January 14, 2013. In his motion to amend, he alleges that all items included in the original application for a search warrant constituted perjury and were to be disclosed in discovery, in violation of *Giglio v. United States*, 405 U.S. 150 (1972) and *Brady v. Maryland*, 373 U.S. 83 (1963). He also alleges that the government's witnesses had a history of perjury, and that government witnesses perjured themselves. He also maintains that the government made false accusations in its brief on appeal.

The government argues that Triplett's proposed amendment asserting prosecutorial misconduct was filed after the one-year deadline for a § 2255 motion and does not relate back to the "common core of operative facts" asserted in his original pleading. *See* Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure (allowing amendment to relate back to the date of the

original pleading where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - - or attempted to be set out - - in the original pleading"); *see also Mayle v. Felix*, 545 U.S. 644, 649-50 (2005) (holding where an amended habeas petition "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth," it does not relate back to the original pleading). The government argues that Triplett's claim of prosecutorial misconduct does not relate back to his claim of ineffective assistance, and it is time-barred. *See* 28 U.S.C. § 2255(f) (imposing a one-year statute of limitations to motions under § 2255); *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (holding that if a new claim asserts a new ground for relief supported by facts differing "in both time and type" from those raised in the original pleading, it does not relate back).

The Court notes that the one-year limitations period applicable to § 2255 motions does not begin to run until, as is applicable here, "the date on which the judgment of conviction becomes final." § 2255(f)(1). The Supreme Court has held that such finality occurs when it "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Under Supreme Court Rule 13, the ninety-day period to file a petition for a writ of certiorari from the judgment of a court of appeals ordinarily runs from the date the appellate court issues an opinion. *See, e.g., United States v. Forrester,* 401 F. App'x 919, 920 (5th Cir. Nov. 12, 2010); *see also United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). The Fifth Circuit issued its opinion in this case on June 13, 2012. Affording Triplett ninety days to seek a petition for writ of certiorari, his judgment became final on or about September 11, 2012. Accordingly, his § 2255 motion was timely if it was filed by September 11, 2013. Triplett's

12

proposed amendment, filed on or about August 19, 2013, falls within the one-year limitations period of § 2255(f).

Moreover, the Court notes that the proposed amendment was filed before the government was ordered to file an answer in this cause, and the government has responded to Triplett's allegations. Accordingly, the Court will consider the claims of prosecutorial misconduct raised in Triplett's proposed amendment.

### A. Claims

#### 1. Withholding evidence of perjury

Triplett claims that portions of the affidavit for a search warrant were perjured, and that the government failed to disclose such information to the defense as required under *Brady/Giglio*. He also claims that the government's witnesses committed perjury during the suppression hearing, and the that the government failed to disclose the perjury.

#### 2. False statements to the Fifth Circuit Court of Appeals

Triplett maintains that the government misrepresented his prior conviction from Louisiana in statements to the Fifth Circuit in its "Brief of Appellee." Specifically, he claims that the government purportedly stated that "[i]nvestigators also learned that Triplett was involved a criminal investigation of rape in Louisiana. However, the victim refused to testify against Triplett, and thus, Triplett pled to a misdemeanor relating that crime." The government contends that the disputed portion of the brief reads as follows:

> The defendant next complained that the affidavit referenced the fact that the defendant was involved in a rape investigation and convicted in Louisiana, but after a successful appeal by the defendant, the case was dropped because the victim refused to testify. The defendant states the case was dropped because the victim lied on the stand. Nothing in the record supports this assertion. The

13

> defendant did, in fact, plead guilty to a misdemeanor assault charge related to the rape. As such, the facts set forth . . . were accurate. (citations to the record omitted).

Triplett claims that his case was thrown out because the victim lied on the stand, and the government contends that the victim refused to testify against Triplett due to fear.

### 3. Deliberately concealing two prior searches

Triplett maintains that his property at 181 Golding Road was searched twice prior to the search warrant being issued in this case, and that the government concealed this fact. The government contends that it was unaware of any searches of the Morris-Triplett residence prior to receiving Triplett's § 2255 motion. It maintains that it has since contacted the Lowndes County authorities and learned that State authorities conducted at least one consensual search of the property at 181 Golding Road shortly after learning of Kaila's disappearance. The government maintains, however, that this information is irrelevant to Triplett's claims of prosecutorial misconduct against the federal government and is irrelevant to the issuance of a search warrant related to Triplett's computers.

### B. Discussion

The prosecution must disclose exculpatory evidence in its possession that is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). This rule of disclosure also applies to the credibility of key government witnesses. *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Davis*, 609 F.3d 663, 696 (5th Cir. 2010). In order to establish a violation of these rules, a defendant must prove that (1) the prosecution suppressed evidence, (2) that was favorable to the defendant, and (3) that was material either as direct or impeaching evidence. *United States v. Brown*, 650 F.3d 581, 587-88 (5th Cir. 2011) (citation omitted).

*Brady* is only concerned with "material" evidence, that is, evidence which, had it been disclosed to the defense, would have resulted in a different outcome to the proceeding. *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Here, Triplett admitted his guilt of the crime for which he pleaded guilty. The Fifth Circuit Court of Appeals has held that "*Brady* requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty." *Orman v. Cain*, 228 F.3d 616, 617 (5th Cir. 2000); *Matthew v. Johnson*, 201 F.3d 353, 361-32 (5th Cir. 2000) ("Because a *Brady* violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation."). Absent independent evidence containing indicia of reliability, a prisoner "will not be heard to refute h[is] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Triplett pleaded guilty to possession of child pornography, and there is no independent evidence that would refute his sworn testimony. Therefore, his *Brady/Giglio* claims fail.

This Court otherwise notes that, at the suppression hearing held in this case, the government pointed out inaccuracies in the search warrant, and the Court found that the inaccuracies were not made with reckless disregard or intentional falsity. The Court also determined that several of those facts were disputed, rather than demonstrably false. Triplett has not demonstrated how any inaccuracies were exculpatory or useful for impeachment purposes. Additionally, while Triplett claims that the government called witnesses at the suppression hearing with a history of perjury or misconduct and failed to disclose this evidence to the

defense, he does not support those allegations with proof. His allegations are conclusory and insufficient to sustain his claim. A claim of prosecutorial misconduct must be specific and substantiated. *See United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980).

The Court also notes that this Court and the Fifth Circuit have addressed the merits of Triplett's suppression claim. Triplett cannot continue to argue about alleged factual inaccuracies or deficiencies in the initial search warrant for his home in this § 2255 proceeding. *See, e.g. United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

Finally, the Court notes that regardless of whether information presented by the government to the Fifth Circuit regarding Triplett's overturned Louisiana conviction is false, the fact is that the conviction was overturned and that Triplett later pleaded guilty to simple battery in connection with that case. Considering Triplett's arguments regarding the overturned Louisiana conviction and determining that, even accepting Triplett's assertions regarding the victim as true, the Court finds that it would have nonetheless sentenced Triplett to a term of imprisonment of 120 months under the facts of this case.

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Triplett must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court

finds that a COA should not issue in this case.

## Conclusion

In sum, the Court finds no merit to Triplett's motion, and it will be denied. Accordingly, as set forth herein, the Court hereby **ORDERS**:

1. That Triplett's motions to supplement his § 2255 motion (ECF No. 91) and amend his § 2255 motion (ECF No. 92) are **GRANTED** and deemed filed the date they were received and docketed by the Court.

2. That Triplett is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside, or correct sentence (ECF No. 90), as supplemented and amended, is **DENIED**.

3. That a certificate of appealability from this decision is **DENIED**.

4. That Triplett's motion to remove counsel (ECF No. 97) is **DISMISSED AS MOOT**.

5. That the Court will enter final judgment by separate order.

**SO ORDERED**, **THIS** the 30th day of July, 2014.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**